**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

Plaintiff**,**

**Case No. 00-CR-242**
**05-C-155**

**-vs-**

**TROY WILLIAMS,**

Movant.

---

## DECISION AND ORDER

---

Troy Williams ("Williams") was sentenced to life imprisonment on December 12, 2001 for distribution and conspiracy to distribute cocaine. The Seventh Circuit affirmed his conviction on August 18, 2003. Williams filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Court summarily dismissed on February 15, 2005.

Now before the Court is Williams' Motion to Grant a New Trial Based on Newly Discovered Evidence Pursuant to Fed. R. Crim. P. 33(b)(1). The Seventh Circuit has held that not every Rule 33 motion is a collateral attack for purposes of § 2255. *See United States v. Woods*, 169 F.3d 1077, 1079 (7th Cir. 1999). However, a "Rule 33 motion must be considered a collateral attack . . . when the substance of the motion falls within the scope of § 2255 ¶ 1." *Ruth v. United States*, 266 F.3d 658, 660 (7th Cir. 1999).

A "bona fide motion for a new trial on the basis of newly discovered evidence falls outside of § 2255 ¶ 1 because it does not contend that the conviction or sentence violates the

Constitution or any statute." *Ruth*, 266 F.3d at 661. However, a Rule 33 motion that merely offers "new evidence of a constitutional violation or other ground of collateral attack" falls under § 2255 ¶ 1. *Id.*

Williams argues that he is entitled to a new trial because the FBI withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). *Brady* held that the government's failure to disclose exculpatory information is a due process violation. Such a claim falls neatly under § 2255 ¶ 1, making it a collateral attack, not a bona fide Rule 33 motion. "[A]ny motion filed after the expiration of the time for appeal, and invoking grounds mentioned in § 2255 ¶ 1, is a collateral attack for purposes of ¶ 8." *United States v. Evans*, 224 F.3d 670, 673 (7th Cir. 2000).

Accordingly, because this is a collateral attack for purposes of § 2255 ¶ 8, it must be dismissed as a successive petition. The Court will not transfer the petition to the Seventh Circuit for authorization to proceed because Williams' argument lacks merit and would be untimely in any event. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (even though the court lacks jurisdiction, it may "take a peek at the merits, since whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Williams' Rule 33 motion for a new trial [Docket No. 197] is construed as a successive motion under § 2255 and is **DISMISSED** for lack of jurisdiction; and

2. Williams' motion to appoint counsel [Docket No. 198] is **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**