UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

TROY C WILLIAMS,

        Defendant.

Case No. 00-cr-0242-bhl-1

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ANTHONY KNIGHT,

        Defendant.

Case No. 00-cr-0242-bhl-2

---

## ORDER

---

On August 9, 2001, a jury convicted defendants Troy Williams, Anthony Knight, and Willie Newton, of multiple drug-related offenses. (ECF No. 92.) At separate sentencing hearings, Judge Rudolph T. Randa, who presided over the trial, sentenced Knight, Williams, and Newton to life sentences. (ECF Nos. 125, 133, 139.) When Judge Randa retired from judicial service in early 2017, Newton had a pending motion for relief under 28 U.S.C. § 2255 and the clerk reassigned his part of the case to Judge Lynn Adelman. (ECF No. 236); *See United States v. Newton*, Case No. 04-CV-718 (E.D. Wis.). Because Knight and Williams had no pending motions, and their portions of the case were administratively closed, the clerk took no action to assign their part of the case to Judge Adelman.

On May 8, 2020, Newton filed, and Judge Adelman granted, an emergency motion for Compassionate Release. (ECF No. 246.) Thereafter, Knight and Williams both filed motions related to their part of the case, and, on September 21, 2020 and October 5, 2020, respectively,

the clerk reassigned Knight's and Williams' motions to Judge Ludwig, who was appointed to fill Judge Randa's vacancy. Counsel for Knight and Williams now asks the Court, pursuant to Criminal L. R. 13, to reassign Knight's and Williams' portions of the case to Judge Adelman. (ECF Nos. 255, 256.) Because Crim. L. R. 13 does not apply, the Court will DENY both motions.

Criminal L. R. 13 provides for the reassignment of related criminal cases to a single judge in order to conserve judicial resources. It is not clear that the rule applies to the present motion, which involves a single case with three defendants, not three separate cases that could be reassigned to a single judge. Moreover, it is far from clear that any judicial resources would be saved by having Judge Adelman resolve Knight's and Williams' future motions. The defendants contend that because Judge Adelman has ruled on Newton's motion for compassionate release and § 2255 motion, he "has familiarity with the cases…so it will save judicial resources." (ECF Nos. 255, 256.) But this assertion is not supported in any detail and does not withstand scrutiny. While Judge Adelman granted their co-defendant compassionate release, he was not the judge who tried this case or sentenced any of the defendants. While he may have gained some familiarity with the case in resolving Newton's compassionate release motion, he does not have an extensive history with the case and his future involvement, if any, appears very limited. Accordingly, it is hard to see what judicial resources would be saved by reassigning the remainder of the case, including Knight's and Williams' future motions, to Judge Adelman. Because defendants have not shown that reassignment of the case to Judge Adelman would materially save judicial resources, their motions are denied. Accordingly,

IT IS HEREBY ORDERED that defendants' motions, (ECF Nos. 255, 256), are **DENIED**.

Dated at Milwaukee, Wisconsin on November 17, 2020.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge