UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

  v.                                                                                           Case No. 00-cr-0242-bhl-1

TROY C. WILLIAMS,

          Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

      Troy C. Williams asks the Court to reduce his sentence under the "compassionate release" provisions of 18 U.S.C. §3582(c)(1)(A). (ECF No. 258.) In his motion, Williams argues that the following provide extraordinary and compelling reasons warranting immediate release: (1) he was sentenced under an unconstitutional sentencing scheme, i.e., before *United States v. Booker*, 543 U.S. 220 (2005), when the sentencing guidelines were thought to be mandatory and, in Williams' case, called for a life sentence; (2) his mandatory life sentence is unjust and grossly disproportionate to his conduct; (3) his life sentence violates the purpose of 18 U.S.C. §3553(a) because it is "greater than necessary" to accomplish the goals of sentencing and results in a gross disparity between sentences imposed on defendants pre-*Booker*, and those sentenced after; (4) his guideline range was disproportionately and unfairly driven by his decision to exercise his right to a trial; and (5) his exemplary prison record and age reflect that he does not pose a risk to the public if he is released.

### BACKGROUND

      On August 9, 2001, a jury found Williams guilty of Possession with Intent to Distribute in Excess of Five Kilograms Cocaine (Count One) and Conspiracy to Possess with Intent to Distribute in Excess of Five Kilograms of Cocaine (Count Two). On December 12, 2001, the district court imposed a sentence of life imprisonment on each count to run concurrently. The court also imposed five years of supervised release, a $5,000.00 fine, and a $200.00 special assessment.

## ANALYSIS

Under 18 U.S.C. §3582(c)(1), a court is generally not allowed to modify a sentence of imprisonment. One of the limited exceptions to this rule is for cases of "compassionate release" under section 3582(c)(1)(A)(i). Before the First Step Act of 2018, a request for compassionate release could only be made by the Bureau of Prisons. Now, however, a defendant can request compassionate release by motion.

### I.     Williams Has Satisfied the Exhaustion Requirement.

The Court's consideration of a compassionate release motion is a multi-step process. First, the Court must determine whether the defendant is eligible under the statute. To be eligible, a defendant is required to show that he or she made a request for release to the prison warden and has either (a) exhausted all administrative appeals or (b) waited 30 days from the warden's receipt of the request, whichever is earlier. *See United States v. Sanford*, 986 F.3d 779, 781-82 (7th Cir. 2021). Second, if this "exhaustion" requirement is satisfied, the Court must then determine whether there are "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence, consistent with the sentencing factors set forth in 18 U.S.C. §3553(a).

Williams gets past the first requirement because he has shown he is eligible under the statute. He requested compassionate release from the Bureau of Prisons on November 5, 2020, and he filed the subject motion on June 30, 2021. The exhaustion requirement is therefore satisfied. Williams fails the second part of the test, however, because he has not presented an extraordinary and compelling reason warranting immediate release under §3582(c)(1)(A). Thus, his motion must be denied.

### II.    Williams Has Not Presented Extraordinary and Compelling Reasons Warranting a Reduction in His Sentence.

Williams must next show that his case presents "extraordinary and compelling reasons [that] warrant ... a reduction" in his prison sentence. 18 U.S.C. §3582(c)(1)(A)(i). The Court evaluates motions brought under the "extraordinary and compelling" reasons prong of §3582(c)(1)(A) with due regard for the guidance provided in U.S.S.G. §1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §3142(g); and (3) whether the applicable sentencing

factors in §3553(a) favor granting the motion. "[T]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). As explained below, Williams has not presented an extraordinary and compelling reason warranting immediate release under §3582(c)(1)(A).

### A. A Non-Retroactive Change to Sentencing Guidelines Is Not an Extraordinary and Compelling Reason Warranting Relief.

Williams argues that he has presented extraordinary and compelling reasons warranting relief under §3582(c)(1)(A) because he would not face a mandatory life sentence if sentenced today. (ECF No. 258 at 18.) Specifically, after he was sentenced, the U.S. Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sentencing Guidelines were advisory, not mandatory. Thus, if he were sentenced today, the district court would not be required to impose a life sentence.

This fact is not an extraordinary and compelling reason warranting relief under §3582(c)(1)(A). Rather, it is a consequence of the Seventh's Circuit's ruling in *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005), that *Booker's* holding does not apply retroactively to criminal cases – like Williams' – that became final before January 12, 2005. This conclusion is supported by the Seventh Circuit's recent decision in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). In *Thacker*, the Seventh Circuit held that a non-retroactive change to the sentencing scheme in 18 U.S.C. §924(c) was not an extraordinary and compelling reason under §3582(c)(1)(A) because Congress had explicitly decided not to make the change retroactive. *Id.* at 576. While the retroactivity issue here is the result of a court ruling rather than a Congressional choice, the parallels between the present situation and *Thacker* caution against treating changes in the sentencing regime as grounds for compassionate release. Thus, under the rationale of *Thacker*, the fact that Williams would not face a mandatory life sentence if sentenced today is not an extraordinary and compelling reason for a lower sentence. *See also United States v. Spradley*, No. 1:98-cr-38-JMS-MJD-01, 2021 WL 5404519 (November 18, 2021) (holding *Booker's* change to mandatory life sentence was not extraordinary and compelling reason warranting relief under §3582(c)(1)(A)).

### B. Williams' Lengthy Sentence Is Not an Extraordinary and Compelling Reason Warranting Relief.

This Court must also reject Williams' second and third proffered extraordinary and compelling reasons for release under §3582(c)(1)(A): (1) that his mandatory life sentence is unjust and grossly disproportionate to his conduct and (2) his life sentence is greater than necessary to accomplish the goals of sentencing and results in a gross disparity between sentences imposed on defendants pre-*Booker*, and those sentenced after. (*See* ECF No. 258 at 7-9, 19-20.)

Both reasons are different versions of the same argument – that Williams' lawfully imposed life sentence was too long. In deciding that the change to the sentence required by 18 U.S.C. §924(c) could not be an extraordinary and compelling reason warranting relief under §3582(c)(1)(A) – whether alone or in combination with any other factors – the Seventh Circuit also specifically stated that rationales suggesting that "the prescribed sentence is too long" cannot supply an extraordinary and compelling reason to reduce a lawful sentence, noting that allowing for such a rationale "would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge their sentences [that is] embodied in...28 U.S.C. § 2255 and accompanying provisions." *Thacker*, 4 F.4th at 574. Thus, it concluded, "the discretion conferred by § 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction." *Id*. This is precisely what Williams argues here – namely, that his mandatory life sentence was too long given the specific circumstances of his case and he has thus shown an extraordinary and compelling reason warranting release under §3582(c)(1)(A). The rationale of *Thacker* forecloses this argument. *See also United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) ("We explained in *Thacker* that § 3582(c)(1) does not treat a long but lawful sentence as itself an extraordinary and compelling reason for a lower sentence.").

### C. Williams' Sentence, based on an Offense Level of 44, Is Not an Extraordinary and Compelling Reason Warranting Relief.

Williams asserts his guideline range was disproportionately and unfairly driven by his decision to exercise his right to a trial. He points out that, had he pled guilty, he would have received a three-level reduction in his offense level, resulting in a guideline range of 360 months

to life. He argues his decision to go to trial does not justify eliminating the possibility of anything other than a life sentence. (ECF No. 258 at 21.)

The sentencing guidelines, however, did not add points to penalize Williams for exercising his right to a trial. Rather than penalizing a defendant for choosing to stand trial, the guidelines reward defendants who accept responsibility for their criminal conduct by reducing their offense level by two to three points. The Sentencing Guidelines provide:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of section (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. §3E1.1; *see also United States v. Elmer*, 980 F.3d 1171, 1177 (7th Cir. 2020) (rejecting defendant's argument that district court imposed a "trial tax" in violation of the Sixth Amendment right to a speedy and public trial by denying defendant's request for acceptance of responsibility credit); *cf. United States v. Williams*, 202 F.3d 959, 962 (7th Cir. 2000) (recognizing defendants who proceed to trial solely to challenge issues *other than factual guilt* are still eligible to receive acceptance of responsibility reduction). Williams has never demonstrated acceptance of responsibility for his offenses, his sentencing guideline range was properly assessed, and extraordinary and compelling circumstances are thus lacking.

### D. Williams' Rehabilitation Alone Cannot Be Considered an Extraordinary and Compelling Reason Warranting Relief.

Williams claims his rehabilitation provides another extraordinary and compelling reason for release. He notes that he has avoided discipline for many years in prison, worked, taken classes, and maintained family relationships. (ECF No. 258 at 21.)

To the extent that Williams is arguing that he has achieved a level of rehabilitation that is sufficiently extraordinary and compelling to warrant a sentence reduction, his argument fails because the statute specifically provides that rehabilitation alone cannot be an extraordinary and compelling reason warranting relief under §3582(c)(1)(A), 28 U.S.C. §994(t), and the Court has

already found that none of Williams' other proffered facts is an extraordinary and compelling reason to warrant relief, whether considered alone or in combination.

**III.    Sentencing Factors under 18 U.S.C. §3553(a).**

Williams argues the §3553(a) sentencing factors support a reduction in his sentence to time served.  (ECF No. 258 at 22-37.)  Because the Court finds no extraordinary and compelling reasons warranting release, it need not determine whether the §3553(a) factors warrant release.  *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).  Nevertheless, for the sake of completeness, the Court will consider whether the defendant's release is appropriate in light of the §3553(a) sentencing factors.

Section 3553(a) requires that a court imposing a just sentence that is sufficient, but not greater than necessary, comply with the purposes of sentencing:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from future crimes by the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. §3553(a)(2).  To those ends, a court must consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;  ...
> (3) the kinds of sentence available;
> (4) the kinds of sentence and the sentencing range established [under the Sentencing Guidelines];
> (5) any pertinent policy statement [in the Sentencing Guidelines];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a)(1-7).

Williams argues that, taking into consideration that his sentence no longer remains appropriate, he is entitled to a fresh calculation of the §3553(a) factors. (ECF No. 273 at 1.)  He points out that, while his conduct was undoubtedly serious, he has now served approximately 24 years (taking good time into account), which is more than enough to satisfy the purposes of sentencing. (*Id.* at 3.)  He further claims that protection of the public is not a concern, given his age, self-motivated rehabilitation, and comprehensive release plan, which includes strong ties with his children and a job upon his release. (*Id.* at 3-4.)

At his sentencing, the Court discussed at length Williams' prominent role in an "inherently dangerous" criminal drug distribution enterprise. (ECF No. 181 at 80-91; *see also United States v. Knight*, 342 F.3d 697, 701-04 (7th Cir. 2003) (recounting Williams' role as second-in-command of cocaine trafficking organization)). Based on the gravity of Williams' offense, his character and criminal history, and the need to protect the community, the Court sentenced Williams to two concurrent life terms. (*Id*. at 93-94.) Notwithstanding Williams' rehabilitation efforts and family support, a reduction of his sentence at this time would fail to reflect the seriousness of the offense or promote respect for the law. Williams' life sentence remains appropriate and "not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. §3553(a)(1), (a)(2); c*f. Ugbah*, 4 F.4th at 598 (under §3582(c)(1) "a judge need consider the § 3553(a) criteria only 'to the extent that they are applicable'. Consideration of even one § 3553(a) factor may show that the others do not matter."). Because the applicable §3553(a) factors weigh against Williams' request for compassionate release, his motion must be denied.

## CONCLUSION

In sum, because this Court does not find extraordinary and compelling circumstances exist for Williams' release and a reduction of sentence is inconsistent with the applicable §3553(a) factors, Williams does not meet the criteria for compassionate release. Accordingly,

IT IS ORDERED that Williams' motion for compassionate release (ECF No. 258) is DENIED.

Dated at Milwaukee, Wisconsin on January 28, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge