UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 00-cr-0242-bhl-1

TROY C. WILLIAMS,

        Defendant.

# ORDER

On December 6, 2021, Troy C. Williams filed, without assistance of counsel, a "letter-notice" asking the Court to schedule oral argument to "correct" his "indictments, convictions, and sentences" due to purported "Double Jeopardy issues." (ECF No. 279 at 1, 4.) Williams is currently serving two concurrent life terms in federal prison after being convicted on drug trafficking charges.

Williams does not state under what authority he is seeking relief, however "[f]ederal prisoners who seek to collaterally attack their conviction or sentence must ordinarily bring an action under § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Because Williams is seeking correction of his conviction and sentence, his request will be treated[1] as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255.

Accordingly, this Court must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing §2255 Proceedings, which states:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

---

[1] Before recharacterizing a pro se litigant's post-conviction motion as a *first* §2255 motion, a district court must notify the defendant that a recharacterized motion may trigger §2255's limitations on successive motions and must give the defendant an opportunity to withdraw the motion. *Castro v. United States*, 540 U.S. 375, 382-83 (2003). Since Williams had already filed successive §2255 motions, there is no reason to provide such notice in this instance.

Rule 4, Rules Governing §2255 Proceedings. During the Court's initial review of a motion for habeas relief, it considers whether the movant has set forth cognizable constitutional or federal law claims. For the reasons set forth below, Williams' motion will be denied.

## BACKGROUND

On December 5, 2000, a federal grand jury returned an indictment against Williams charging him with possession with intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1). (ECF No. 1.) On January 3, 2001, the grand jury returned a first superseding indictment against Williams and his codefendants. (ECF. No. 6.) The first count of the superseding indictment charged Williams with possession with intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1). The second count charged Williams with violating 21 U.S.C. §§841(a)(1) and 846 by conspiring to distribute and possess with intent to distribute cocaine. On February 12, 2001, Williams moved to dismiss count 1 of the indictment. (ECF No. 27.)

On April 3, 2001, the grand jury returned a second superseding indictment against Williams and his codefendants. (ECF No. 46.) The first count charged Williams with possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §841(a)(1). The second count charged Williams with violating 21 U.S.C. §§841(a)(1) and 846 by conspiring to distribute and possess with intent to distribute five or more kilograms of cocaine.

On July 23, 2001, Williams again moved to dismiss the indictment. (ECF No. 79.) On that same day, a jury trial commenced against Williams and his codefendants. (ECF No. 90.) After the close of evidence, but before the jury rendered its verdict, the district court denied Williams' motions to dismiss the charges against him. (ECF No. 89.) On August 9, 2001, a jury found Williams guilty on both counts of the second superseding indictment. (ECF No. 92.) On December 12, 2001, the district court found Williams was responsible for more than 150 kilograms of cocaine and imposed a sentence of life imprisonment on each count to run concurrently. The court also imposed five years of supervised release, a $5,000.00 fine, and a $200.00 special assessment. (ECF No. 140.) During Williams' sentencing hearing, the district court dismissed the superseded counts. (ECF No. 139.)

Since his incarceration, Williams has filed numerous motions and appeals challenging his conviction and sentence. Williams first appealed his convictions on December 20, 2001, claiming that he was entitled to a new trial because (1) the government improperly withheld

material exculpatory evidence, (2) the district court erred by not requiring the jury to return defendant-specific findings of drug quantity for each offense, (3) the appointment of the prosecuting Special Assistant United States Attorney was improper and rendered his indictment invalid, (4) the prosecution improperly used its peremptory challenges to strike two jurors for racial reasons, and (5) precedent required the evidence of his prior convictions to be pleaded in the indictment and proven to the jury. The Seventh Circuit rejected each of Williams' arguments and on August 18, 2003, issued its decision affirming Williams' conviction and life sentence. (ECF No. 188); *United States v. Knight*, 342 F.3d 697 (7th Cir. 2003).

On February 10, 2005, Williams filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. *Williams v. United States*, No. 05-cv-0155-RTR (E.D. Wis.). Williams argued his sentence was unconstitutional and he had ineffective assistance of counsel. The district court dismissed his motion for lack of jurisdiction due to his failure to obtain certification from the Seventh Circuit under 28 U.S.C. §§2244(b)(3) & 2255(h). On November 17, 2005, the Seventh Circuit denied his request for a certificate of appealability. *Williams v. United States*, No. 05-2562 (7th Cir. Nov. 17, 2005).

On February 26, 2007, Williams filed a pro se Motion to Grant a New Trial Based on Newly Discovered Evidence Pursuant to Fed. R. Crim. P. 33(b)(1). (ECF No. 197.) Williams argued the government committed a *Brady* violation by refusing to disclose potentially exculpatory evidence. (*Id*. at 9-11.) On March 15, 2007, the district court construed that motion as a successive motion under §2255 and dismissed it for lack of jurisdiction. (ECF No. 200.) The Seventh Circuit affirmed that dismissal on October 4, 2007. (ECF No. 202.)

On March 12, 2013, Williams filed a pro se Second or Successive Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. §2255 based on a substantive change of law regarding ineffective assistance of counsel. *Williams v. United States*, No. 13-cv-0280-RTR (E.D. Wis.). On March 15, 2013, the district court dismissed that successive motion for lack of jurisdiction.

On January 30, 2014, Williams filed a pro se Notice of Appeal of the December 12, 2001 Judgment. (ECF No. 222.) Having filed his Notice "well over a decade late," the Seventh Circuit dismissed that appeal as untimely on April 1, 2014. (ECF No. 227 at 3.)

On February 11, 2015, Williams filed a pro se Motion for Reduction of Sentence pursuant to Amendment 782 to the United States Sentencing Guidelines, 18 U.S.C. §3582(a)(2),

which reduced the base offense levels assigned to drug quantities in U.S.S.G. §2D1.1 by two levels. (ECF No. 229.) Because the Amendment did not lower the applicable guideline range, the district court denied his motion on January 25, 2016. (ECF No. 235.)

On June 30, 2021, Williams filed a motion seeking reduction of his sentence under the "compassionate release" provisions of 18 U.S.C. §3582(c)(1)(A). (ECF No. 258.) He primarily argued that his mandatory life sentence was imposed pursuant to an unconstitutional sentencing scheme and was unjust and grossly disproportionate to his conduct. This Court denied that motion on January 28, 2022, (ECF No. 280), and Williams filed a Notice of Appeal on February 9, 2022 (ECF No. 281).

On December 6, 2021, Williams filed the subject request for oral argument to "correct" his "indictments, convictions, and sentences," arguing they are barred by the Double Jeopardy Clause. (ECF No. 279.)

## DISCUSSION

Williams submits that his criminal prosecution violated the Double Jeopardy Clause in the Fifth Amendment of the Constitution – that "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb," – because the district court initially denied his motions to dismiss on August 8, 2001 (after the close of evidence but prior to the jury began deliberations and rendered a guilty verdict) and instead addressed the motions at his sentencing hearing on December 12, 2001.

This Court lacks jurisdiction to consider Williams' present motion. Because a petitioner is only allowed one collateral review as of right, availability of relief under §2255 through second or successive motions is limited. *See Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005). A district court may hear a second or successive §2255 motion only if a three-judge panel of the appropriate court of appeals certifies that the motion relies on either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish that no reasonable factfinder would have found the movant guilty; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, which was previously unavailable on direct review. 28 U.S.C. §2255(h).

Since his conviction, Williams has already filed at least four challenges under 28 U.S.C. §2255. Having construed Williams' most recent motion as a request for relief under §2255, it is "subject to the requirement that second or successive motions ... be authorized by the court of

appeals." *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007); *see also* 28 U.S.C. § 2255(h). The fact that he claims to have only "recently located" the purported Double Jeopardy issues on the public case docket (ECF No. 279 at 4) does not avoid this requirement. A district court does not have jurisdiction to entertain a second or successive petition "[u]nless and until the movant seeks and obtains permission from the court of appeals." *Carraway*, 478 F.3d at 849. Because Williams has not obtained permission from the Seventh Circuit to file a successive petition, this Court is without jurisdiction to entertain his motion, and it must be denied.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The Court declines to issue a certificate of appealability because no reasonable jurist could debate that the petition should have been resolved in a different manner.

## CONCLUSION

Accordingly, IT IS ORDERED that Williams' motion (ECF No. 279) is summarily DISMISSED for lack of jurisdiction pursuant to Rule 4 of the Rules Governing §2255 Cases.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue.

Dated at Milwaukee, Wisconsin on March 8, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge