UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                     Case No. 00-cr-0242-bhl-1

TROY C. WILLIAMS,

        Defendant.

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

      Troy C. Williams has filed a *pro se* motion for sentence reduction under the First Step Act of 2018. (ECF No. 296.) Invoking 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute, Williams asks the Court to reduce his sentence, in light of *United States v. Booker*, 543 U.S. 220 (2005) and the 18 U.S.C. § 3553(a) sentencing factors. (*Id.* at 7.) Williams filed a similar motion on June 30, 2021, raising essentially the same arguments. (ECF No. 258). The Court denied Williams's prior motion in a decision that was affirmed by the United States Court of Appeals for the Seventh Circuit. *See United States v. Williams*, 65 F.4th 343 (7th Cir. 2023). Because Williams offers nothing new to support his renewed argument, and, indeed has failed to comply with the statutory exhaustion requirements, his motion will be denied.

      As explained in the Court's prior order, the First Step Act amended sentencing provisions for felony drug offenses in a manner that would have reduced Williams's statutory mandatory minimum, had it been in effect at the time of his original offense and sentencing. (ECF No. 280 at 3.) But Congress specifically decided not to make the First Step Act retroactive. (*Id.*) By its terms, it therefore does not help Williams. His effort to evade the non-retroactivity by cloaking his argument as one for compassionate release is therefore improper. Under Seventh Circuit law, and as the Court explained in connection with his prior request, Williams cannot use the First Step Act of 2018 as a basis for finding "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See Williams,* 65 F.4th at 346; *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021). And, as explained in the Court's prior order, even if the First Step Act

could be an extraordinary and compelling reason, the underlying sentencing factors that led to his sentence, *see* 18 U.S.C. § 3553(a), counsel against a reduction in Williams's sentence here. Williams offers no evidence or changed circumstances that would alter or affect the Court's prior determination.

Moreover, Williams's latest request also fails because he has not satisfied the statutory exhaustion requirement. The Court's consideration of a compassionate release motion is a multi-step process. The Court may modify a term of imprisonment when a defendant so moves "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," and the defendant demonstrates that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *United States v. Sanford*, 986 F.3d 779, 781-82 (7th Cir. 2021) ("the defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) or wait 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier") (internal quotations omitted). If this "exhaustion" requirement is satisfied, the Court must then determine whether there are "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence, consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Although "the exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense, not a jurisdictional prerequisite," *Sanford*, 986 F.3d at 782, the Court will not read clear requirements out of the statute and will not entertain a compassionate release motion before the institution has had a chance to address it. *See United States v. Williams*, 987 F.3d 700, 703-04 (7th Cir. 2021) (noting that the requirement of exhaustion "afford[s] prisons an opportunity to address issues before they are brought to federal court" and "provide[s] the Bureau [of Prisons] with the information necessary to move for release on a defendant's behalf" if the BOP so determines).

Not only does Williams not set forth any new arguments in his second attempt at compassionate release, Williams has not raised his request with the warden of his correctional institution. Nothing in his filing suggests he has followed the correct procedural path by raising this request first with the Bureau of Prisons or the warden. If Williams does so and is denied relief or thirty days have passed from the warden receiving his request, he may file a new motion, restating his request and provided he raises new grounds that were not raised in his prior motion

for compassionate release. Accordingly, the Court will deny his motion for sentence reduction *without prejudice*.

**IT IS ORDERED** that Williams's Motion for Sentence Reduction (ECF No. 296) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on October 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge