UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 00-cr-0242-bhl-1

TROY C. WILLIAMS,

        Defendant.

### ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. §3582(c)(1)(A)(i)

Defendant Troy C. Williams seeks a reduction in his sentence under the "compassionate release" provisions of 18 U.S.C. §3582(c)(1)(A)(i). Citing recent amendments to United States Sentencing Guidelines Manual §1B1.13 (U.S. Sentencing Commission 2023), Williams argues that his life sentence is extraordinarily long given the circumstances of his conviction and should be reduced to time served. For the below reasons, Williams's motion is denied.

### BACKGROUND

Williams is serving two concurrent life sentences for drug trafficking offenses. (ECF No. 140.) After a three-week jury trial in August 2001, he was convicted of Possession with Intent to Distribute in Excess of Five Kilograms Cocaine and Conspiracy to Possess with Intent to Distribute in Excess of Five Kilograms of Cocaine. (ECF No. 92.) Prior to trial, the government filed a prior felony information pursuant to 21 U.S.C. §851 based on a prior drug conviction, increasing Williams's mandatory minimum sentence from ten to twenty years. (ECF No. 307 at 10–11.) Based on a total offense level of 44, the then-mandatory Sentencing Guidelines called for a life sentence. (*Id.* at 11.) On December 12, 2001, Williams appeared before Judge Rudolph T. Randa for sentencing. (ECF No. 139.) Judge Randa adopted the presentence report over Williams's objections and imposed a within guidelines sentence of life imprisonment on each count to run concurrently. (ECF No. 140 at 2–5.)

Since his sentencing, Williams has challenged his conviction and his sentence several times. His first effort was a direct appeal. (ECF No. 143.) In a consolidated ruling, the Seventh Circuit rejected Williams's and his co-defendants' arguments. *United States v. Knight*, 342 F.3d 697 (7th Cir. 2003).

Williams has also twice sought relief under 28 U.S.C. §2255. He filed his first Section 2255 motion on February 1, 2005, insisting that his sentence was unconstitutional in light of *United States v. Booker*, 543 U.S. 220 (2005), and that he had received ineffective assistance from his trial counsel. *See* Motion to Vacate, *Williams v. United States (Williams I)*, No. 05-CV-0155-rtr (E.D. Wis. Feb. 10, 2005). The Court rejected both arguments. Dismissal Order, *Williams I* (Feb. 15, 2005). Williams filed a second Section 2255 motion on March 13, 2013, arguing that a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, was previously unavailable. *See* Motion to Vacate, *Williams v. United States (Williams II)*, No. 13-cv-0280-rtr (E.D. Wis. Mar. 13, 2013). The Court dismissed that effort as an improper successive motion. Dismissal Order & Judgment, *Williams II* (Mar. 15, 2013).

Williams has also made three prior efforts to obtain relief from his sentence. On February 11, 2015, Williams filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) based on Amendment 782 to the United States Sentencing guidelines, effective November 1, 2014.[1] (ECF No. 229.) On January 25, 2016, Judge Randa denied the motion, concluding that, because Williams was responsible for at least 450 kilograms of cocaine (and "probably more"), his base offense level remained unchanged even if the amendment was taken into account, and therefore the guideline change had no effect on his sentence. (ECF No. 235 at 1–2.) On June 30, 2021, Williams filed a Motion for Sentence Reduction/Compassionate Release Under Section 3582(c)(1), arguing that two changes in federal sentencing law, namely (1) the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), and (2) the enactment of the First Step Act, were extraordinary and compelling reasons justifying a reduction in his sentence. (ECF No. 258.) The Court denied his motion based on the Seventh Circuit's holding in *United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021) that non-retroactive changes in sentencing law cannot be the basis for compassionate release. (ECF No. 280 at 3–5.) The Court

---

[1] Amendment 782 lowered the penalties for drug offenses by reducing most offense levels on the §2D1.1 Drug Quantity Table by 2 levels. *See* U.S. Sent'g Guidelines Manual §2D1.1(c)(1) (U.S. Sent'g Comm'n 2014); *see United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015). After Amendment 782, a base offense level of 38 required responsibility for more than 450 kilograms of cocaine.

also held that, even if *Thacker* did not preclude Williams's motion, the sentencing factors under Section 3553(a) justified the sentence Judge Randa initially imposed. (*Id.* at 6–7.) The Seventh Circuit affirmed the Court's ruling. *United States v. Williams*, 65 F.4th 343 (7th Cir. 2023). On September 15, 2023, Williams filed a third motion for sentence reduction under Section 3582(c)(1), this time *pro se*. (ECF No. 296.) Williams again asked the Court to reduce his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005) and the 18 U.S.C. §3553(a) sentencing factors. (*Id.* at 7.) Because Williams offered nothing new to support his already rejected arguments and had not exhausted his administrative remedies, the Court denied his motion. (ECF No. 297.)

Williams has now filed a *fourth* motion for sentence reduction. (ECF No. 307.) His latest effort again invokes the compassionate release provisions in Section 3582(c)(1) and this time cites the Sentencing Commission's most recent amendment to United States Sentencing Guidelines Manual §1B1.13 (U.S. Sentencing Commission 2023). This guideline change, adopted in November 2023, provides that:

> (b) EXTRAORDINARY AND COMPELLING REASONS.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: . . .
>
> > (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason [for compassionate release under §3852(c)(1)(A)(i)], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S. Sent'g Guidelines Manual §1B1.13(b)(6).

Williams points out that he has served more than 23 years of his sentence, which far exceeds the 10 years necessary for relief under the new guideline amendment. (ECF No. 307 at 28.) He also contends that today he would only be facing a mandatory minimum of 15 years and speculates that *Booker*'s relegation of the Guidelines from mandatory to advisory would result in a "much lower sentence." (*Id.* at 12.) He highlights that the amended guideline now provides that

the Court can consider changes in sentencing law in finding an "extraordinary and compelling" circumstance warranting a sentence reduction, contrary to the Court's and Seventh Circuit's rulings on his prior motions. (*See id.* at 27–28.)

## ANALYSIS

As a general rule, a court cannot modify a sentence of imprisonment once it is imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. §3582(c)). A limited exception exists for cases justifying what is commonly known as "compassionate release" under 18 U.S.C. §3582(c)(1)(A)(i). Under this provision, a district court can modify a term of imprisonment upon the motion of the defendant after the defendant fully exhausts all administrative rights within the Bureau of Prison (BOP).[2] *Id.* To obtain a reduced sentence, the defendant must demonstrate, and the Court must find, "extraordinary and compelling" reasons warranting the reduction. *Id.* The Court must also find that the reduced sentence is consistent with applicable Sentencing Commission policy statements. *Id.* The defendant "bears the burden of establishing extraordinary and compelling circumstances" to warrant a sentence reduction. *United States. v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022).

As previously noted, the U.S. Sentencing Commission amended its policy statement effective November 1, 2023 to detail what it believes constitute extraordinary and compelling reasons sufficient to support a motion under Section 3582(c)(1)(A). Relevant here, the new policy statement provides that a finding of extraordinary and compelling reasons is warranted if: (1) the defendant is serving an unusually long sentence; (2) the defendant has served at least ten years of the sentence; and (3) an intervening change in law has produced a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S. Sent'g Guidelines Manual §1B1.13(b)(6). A threshold question, however, concerns the validity of new subsection (b)(6), which purports to make nonretroactive changes in the law a basis for early release, contrary to Seventh Circuit precedent.

**I.    The Sentencing Commission Exceeded Its Congressionally Delegated Authority in Promulgating U.S. Sentencing Guidelines Manual §1B1.13(b)(6).**

Although Congress directed the Commission to "describe what should be considered extraordinary and compelling reasons," 28 U.S.C. §994(t), the Commission's authority necessarily

---

[2] It is undisputed that Williams has exhausted these administrative remedies. (ECF No. 307 at 11; ECF No. 310 at 3.)

is limited by Congress's clear directive that any reasons be both extraordinary and compelling. Caselaw establishes that nonretroactive changes in sentencing law are neither. To the contrary, "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey v. United States*, 567 U.S. 260, 280 (2012). The Seventh Circuit has thus specifically held that nonretroactive changes in sentencing law are not extraordinary and compelling reasons for a sentence reduction, whether considered alone or in connection with other factors. *See Thacker*, 4 F.4th at 573, 576*; see also United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022). As the Court of Appeals explained, Congress has the power to make changes to sentencing law retroactive, and, where it decides not to make a change retroactive, the courts and the sentencing commission must respect that decision. *Thacker*, 4 F.4th at 573–74. The compassionate release provision in Section 3582(c)(1)(A) ought not be used to end run Congress's will on retroactivity. *Id.*

The Sentencing Commission's latest guidance runs afoul of this teaching. As the Supreme Court has emphasized, the Commission "was not granted unbounded discretion," and, as "[b]road as" the Commission's "discretion may be," it "must bow to the specific directives of Congress." *United States v. LaBonte*, 520 U.S. 751, 753, 757 (1997). In the Sentencing Reform Act itself, Congress directed the Commission to ensure that its guidelines and policy statements remain "consistent with all pertinent provisions of any Federal statute." 28 U.S.C. §994(a). And Congress authorized the Commission only to "make *recommendations to Congress* concerning modifications or enactment of statutes relating to sentencing." §995(a)(20) (emphasis added). Where the Sentencing Commission policy statements conflict with Supreme Court or Seventh Circuit caselaw, the caselaw prevails. The Commission's role is not to legislate for Congress or to overrule the Courts.

Williams relies on the amendments to Guideline Section 1B1.13 that became effective in November 2023 to argue that his life sentence is extraordinarily long and warrants a reduction in his sentence to time served. (ECF No. 307 at 27–28); *see* U.S. Sent'g Guidelines Manual §1B1.13(b)(6). Binding precedent, however, has closed off this avenue for relief. In *United States v. Black*, decided after the parties completed their briefing, the Seventh Circuit considered whether the Sentencing Commission's policy statements could make a nonretroactive change in sentencing law—the First Step Act's anti-stacking amendment regarding 18 U.S.C. §924(c)—an extraordinary and compelling reason for compassionate release despite past circuit precedent

holding otherwise. *See* 131 F.4th 542, 545–46 (7th Cir. 2025). The Court recognized that "Congress explicitly delegated to the Commission authority to interpret extraordinary and compelling" under the compassionate release statute. *Id.* at 546. The Court observed that the Commission's policy statement "directly contradict[ed]" Seventh Circuit caselaw and held that, in this circumstance, circuit precedent "remain[ed] binding law." *Id.* at 543, 545. The Court concluded that its "interpretation of extraordinary and compelling prevails over the Commission's because the Commission exceeded its statutory authority." *Id.* at 546.

The Seventh Circuit's rationale in *Black* is equally applicable here. As the Court of Appeals explained, the Commission exceeds its authority when it adopts a rationale that gives retroactive effect to a Congressional amendment to federal sentencing law after Congress specifically chose not to make that change retroactive. *See id.* at 544, 546. Congress's decision not to make a change retroactive precludes the Commission from defining the sentencing change at issue there—the anti-stacking amendment— as an extraordinary and compelling reason, as that would "make[] the amendment retroactive" and "violate the First Step Act." *Id.* at 546. Because this interpretation "conflict[ed] with a federal statute," the Court concluded, the Commission exceeded its interpretative scope, and Seventh Circuit precedent prevailed. *Id.* The Court also held that although *Black's* holding was specific to 18 U.S.C. §924(c), *Thacker* "remains binding law, and the Commission's attempt to say otherwise" by promulgating U.S Sentencing Guidelines Manual §1B1.13(b)(6) "exceeds its statutory authority." *Id.* at 543.

The Seventh Circuit has thus confirmed that *Thacker* remains binding law—including its holding that the substantial length of a movant's sentence, and the disparity between that sentence and the sentence that the movant may receive if sentenced today, does not constitute an extraordinary and compelling basis for compassionate release. *Id.* at 546–47 (citing *Thacker*, 4 F.4th at 576). Under the compassionate release statute, 18 U.S.C. §3582(c)(1)(A), a post-sentencing, non-retroactive change in law "whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction." *Id.* at 544 (quoting *Thacker*, 4 F.4th at 571.)

II. **Williams's "Unusually Long Sentence" Cannot Be an Extraordinary or Compelling Reason.**

Williams's latest motion for compassionate release also argues (again) that his unusually long sentence constitutes an extraordinary and compelling reason for a sentence reduction this time

citing U.S. Sentencing Guidelines Manual §1B1.13(b)(6).  The Court acknowledges that the Guidelines, as amended, indicate that a defendant's receipt of an "unusually long sentence" can constitute an extraordinary and compelling reason for compassionate release.  U.S. Sent'g Guidelines Manual §1B1.13(b)(6); *see also United States v. O'Neill*, 735 F.Supp.3d 994, 1014 (E.D. Wis. 2024) ("The revisions took effect on November 1, 2023, and included the new §1B1.13(b)(6), which expressly identifies an 'unusually long sentence' as an extraordinary and compelling basis for release." (internal citations omitted)).  And, while Williams has served at least ten years of his life sentence, a sentence that might be "unusually long" and "grossly disparate" to what he would receive today, the guideline amendment cannot override the will of Congress or Seventh Circuit caselaw.  Thus, even if Williams would receive a lower sentence today, binding precedent precludes his contention that a disparity created by a nonretroactive change in the law constitutes an extraordinary and compelling reason permitting a sentence reduction under Section 3582(c)(1)(A).  *See King*, 40 F.4th at 595 (holding that a nonretroactive change in sentencing law cannot be considered an extraordinary and compelling reason).  Unless the Supreme Court declares otherwise, Williams's argument fails in this Court.  Accordingly, Williams is not entitled to compassionate release on this ground.

Williams also argues that his rehabilitation, substance abuse recovery, and strong family support provide an additional, independent justification for a sentence reduction under the "catch-all" provision in subsection (b)(5) of Section 1B1.13 of the Guidelines. (ECF No. 307 at 29.)  This policy amendment has been described as a "catch-all" because it encompasses all or parts of Section 1B1.13(b)(1)–(4) of the Guidelines, sections that consider: a defendant's medical condition; the mental or physical deterioration of the defendant 65 years or older; a defendant's exigent family circumstances including the incapacitation of the defendant's partner or the caretaker of his children; and whether defendant was a victim of abuse of the Bureau of Prisons, abuse that resulted in a confession by the perpetrator or a finding of guilt.  Relief under this section can be based on these circumstances alone or in combination, or on circumstances "similar in gravity" to those specifically identified in Section 1B1.13(b)(1)–(4).  *See* U.S. Sent'g Guidelines Manual §1B1.13(b)(5).  Williams does not argue any of these conditions.  And to the extent Williams's seeks relief based on his rehabilitation efforts, even after the amendments to the Guidelines, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S. Sent'g Guidelines Manual §1B1.13(d).  The Court therefore rejects Williams's

argument, consistent with the Guidelines, that his rehabilitation, although commendable, is an extraordinary and compelling reasons for release. And because the Court finds no extraordinary and compelling reasons warranting release, it need not determine whether the Section 3553(a) factors warrant release. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

The Court finally notes that, based on the amount of cocaine involved in the offense, the recommended guideline sentence he would face today would remain unchanged. Williams would still face a discretionary term of life imprisonment under today's Sentencing Guidelines. While Williams's drug dealing would likely not result in a *mandatory* life sentence today, the guidelines would still advise the Court to impose the same life sentence. Given the binding precedent precluding application of the amended compassionate release guideline and the reality that the guidelines would recommend a life sentence even if he were convicted and sentenced today, Williams's motion will be denied.

## CONCLUSION

In sum, because this Court does not find extraordinary and compelling circumstances exist for a sentence reduction, Williams does not meet the criteria for compassionate release.

Accordingly,

**IT IS HEREBY ORDERED** that Williams's motion for compassionate release (ECF No. 307) is **DENIED**.

**IT IS FURTHER ORDERED** that Williams's request for oral argument is **DENIED**.

Dated at Milwaukee, Wisconsin on September 16, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge